**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-14182
Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ANDREW RYAN WILKINSON,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:25-cr-00030-JEP-SJH-1

————————————

Before BRANCH, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

In this pending criminal case, Andrew Ryan Wilkinson, proceeding pro se, appeals the district court's order denying his motion

to suppress evidence and his request for an evidentiary hearing on his motion to suppress.

We lack jurisdiction over Wilkinson's appeal because the district court's order denying Wilkinson's motions is not a final or otherwise appealable decision. First, the order is not final because Wilkinson has not been convicted or sentenced. *See* 28 U.S.C. § 1291; *United States v. Gulledge*, 739 F.2d 572, 584 (11th Cir. 1984); (explaining that the final judgment rule applies in criminal cases); *Flanagan v. United States*, 465 U.S. 259, 263-64 (1984) (explaining that appellate review is generally prohibited in a criminal case until the defendant has been convicted and sentenced).

Second, the order is not otherwise appealable under the collateral order doctrine, as neither the denial of Wilkinson's motion to suppress nor the denial of his request for an associated evidentiary hearing is collateral to the merits of the case. *See United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017); *Di Bella v. United States*, 369 U.S. 121, 131-32 (1962) (explaining that a denial of a pretrial motion to suppress is not immediately appealable because it is not collateral to the criminal prosecution). Additionally, Wilkinson may effectively challenge the order on appeal from final judgment. *See Shalhoub*, 855 F.3d at 1260; *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-31 (1985) (explaining that the doctrine applies to district court orders "affecting rights that will be irretrievably lost in the absence of an immediate appeal"); *Di Bella*, 369 U.S. at 129 (noting that the legality of the search underlying the motion to suppress is most effectively reviewed on appeal from final judgment).

25-14182                    Opinion of the Court                    3

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.  All pending motions are DENIED as moot.